UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CONSTANCE E. HADDAD, | )<br>) |
| Plaintiff, | ) Case No. 1:09-cv-1023<br>) |
| v. | ) Honorable Janet T. Neff<br>) |
| MICHIGAN NATIONAL BANK,<br>n/k/a BANK OF AMERICA, | )<br>) **REPORT AND RECOMMENDATION**<br>) |
| Defendant. | )<br>) |

This is a civil action brought by a *pro se* plaintiff against her former employer, seeking redress for her loss of employment in 1989. Plaintiff's complaint alleges that she was hired in August 1972 by Michigan National Bank as a data entry clerk. The allegations of her complaint span the intervening seventeen-year period, culminating with the loss of her job in 1989. Plaintiff alleges that she began receiving pension checks as of November 1, 2008, in amounts that were much lower than they should have been, because of the unfairness and discrimination that were visited upon her twenty years earlier. Plaintiff asserts claims under Title VII and the Equal Pay Act, as well as state law.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of her indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be

dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. In addition to determining whether a complaint states a claim on its face, the court is authorized to take notice of obvious defenses that render a claim meritless. The court's authority to raise the defense of claim preclusion *sua sponte* is well established. *See Hutcherson v. Lauderdale County, Tenn.*, 326 F.3d 747, 756-57 (6th Cir. 2003); *Holloway Const. Co. v. United States Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1990); *see also Hanger Prosthetics & Orthotics East, Inc. v. Henson*, 299 F. App'x 547, 553-54 (6th Cir. 2008). Applying these standards, I find that plaintiff's claims are obviously barred by three previous judgments of this court.

### **Discussion**

The following facts are matters of public record, reflected in the files of this court and the Sixth Circuit Court of Appeals.

Plaintiff resigned her employment with Michigan National Bank effective January 20, 1989. Thereafter ensued a series of unsuccessful state-court lawsuits in the mid-1990s. Plaintiff filed her initial lawsuit against Michigan National Bank in this court on March 27, 1998. *Haddad v. Michigan Nat'l Corp., et al.*, 5:98-cv-50 (W.D. Mich. 1998). On May 12, 1998, former District Judge David W. McKeague entered judgment in favor of all defendants, including Michigan National Corporation, on all plaintiff's federal claims. Judge McKeague found that plaintiff's Title VII and Equal Pay Act claims were time-barred, and he declined to exercise supplemental jurisdiction over her state-law claims.

Plaintiff filed a second lawsuit raising the same claims against the same defendants on August 10, 1998. *See Haddad v. Michigan Nat'l Corp., et al.*, 5:98-cv-114 (W.D. Mich. 1999). On January 7, 1999, Judge McKeague again entered judgment in favor of defendants, finding that all of plaintiff's federal claims were barred by claim preclusion. The court again declined to exercise supplemental jurisdiction over plaintiff's purported state-law claims.

Plaintiff pursued appellate relief from both judgments. The United States Court of Appeals for the Sixth Circuit consolidated plaintiff's appeals. On November 10, 1999, the Sixth Circuit issued its opinion holding that plaintiff had not preserved appellate review of this court's decision in her initial lawsuit (case no. 5:98-cv-50). The appellate court further found that this court had not abused its discretion in denying plaintiff's third motion for relief from that judgment. With regard to plaintiff's second lawsuit, the Court of Appeals affirmed Judge McKeague's decision on the basis of claim preclusion. *Haddad v. Michigan Nat'l Corp.,* Nos. 99-1094, 99-1497, 1999 WL 1045085 (6th Cir. Nov. 10, 1999). Plaintiff sought a writ of *certiorari* in the Supreme Court of the United States. The Supreme Court denied plaintiff's petition on April 17, 2000, and her motion for reconsideration on June 12, 2000.

Plaintiff filed a third federal lawsuit against Michigan National Corporation on April 12, 2001. *Haddad v. Michigan Nat'l Corp., et al.*, case no. 5:01-cv-41 (W.D. Mich. 2001). She asserted essentially the same federal claims (Title VII and Equal Pay Act) against the same defendants. Michigan National moved for summary judgment on the basis of claim preclusion. By opinion entered August 10, 2001, Judge Robert Holmes Bell determined that all of the prerequisites for claim preclusion were present, and he granted the defendants' motion for summary judgment. Plaintiff appealed to the Sixth Circuit Court of Appeals (case no. 01-2422). By order entered May

7, 2002, the appellate court affirmed dismissal of plaintiff's case. *Haddad v. Michigan Nat'l Corp.*, 34 F. App'x 217 (6th Cir. 2002). The United States Supreme Court denied her petition for writ of *certiorari* on April 21, 2003.

In addition to the three lawsuits chronicled above, plaintiff sought appellate review in the Sixth Circuit of decisions of the EEOC in administrative proceedings that plaintiff sought to bring against Michigan National Bank. *See, Haddad v. EEOC*, 111 F. App'x 413 (6th Cir. 2004); *Haddad v. EEOC*, No. 01-4082 (6th Cir. June 24, 2002). The Sixth Circuit denied relief in those cases, and the Supreme Court refused discretionary review.

Plaintiff's complaint in the present case recites the same claims that had been rejected by this court on three previous occasions. The parties are identical, the claims are identical, and the previous cases were adjudicated on their merits. Plaintiff's claims are therefore barred by *res judicata*, or claim preclusion. *See Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009); *see also Thomas v. Miller*, 329 F. App'x 623, 628 (6th Cir. 2009) (plaintiff cannot use a "new theory" to "revive" an old lawsuit).

**Recommended Disposition**

For the foregoing reasons, I conclude that plaintiff's attempts to relitigate her claims against Michigan National Bank for a fourth time in this court are frivolous and malicious within the meaning of 28 U.S.C. § 1915(e)(2). I therefore recommend that her complaint be dismissed. I further recommend that leave to appeal *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure. The Sixth Circuit has determined on numerous occasions that plaintiff's claims against Michigan National Corporation are meritless. Any appeal would therefore be frivolous and taken in bad faith.

Date: November 24, 2009        /s/ Ellen S. Carmody
                               ELLEN S. CARMODY
                               United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).