UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONSTANCE E. HADDAD,

    Plaintiff,

v

MICHIGAN NATIONAL BANK n/k/a
BANK OF AMERICA,

    Defendant.
_____/

Case No. 1:09-cv-1023

HON. JANET T. NEFF

**OPINION AND ORDER**

Plaintiff, proceeding pro se, initiated the present action against defendant, her former employer, attempting to litigate her claims against defendant for a fourth time. Plaintiff was granted leave to proceed *in forma pauperis*. The Magistrate Judge performed an initial screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and issued a Report and Recommendation, recommending that this Court dismiss plaintiff's complaint as frivolous and malicious within the meaning of the statute. The matter is presently before the Court on plaintiff's objections to the Report and Recommendation (Dkt 9). Defendant filed a combined Brief in Response to Plaintiff's Objections and Motion to Enjoin Plaintiff from Filing Lawsuits without First Obtaining Prior Court Approval (Dkt 12). Plaintiff filed a response to defendant's motion (Dkt 13), and defendant filed

1

a reply (Dkt 18). Also pending is plaintiff's motion requesting leave to file a reply to defendant's response to her objections (Dkt 16).

**I. Plaintiff's Objections**

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which plaintiff makes objections. Plaintiff makes essentially two objections, neither of which have any merit.

First, plaintiff argues that the Magistrate Judge legally erred in failing to apply the Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, § 3(A), 123 Stat. 5-6 (Dkt 10 at 7-10). Plaintiff's objection is frivolous. The Act has no application to plaintiff's claims because, as defendant points out (Dkt 12 at 14), plaintiff knew of the alleged existence of pay discrimination since 1998, when she filed her first lawsuit asserting a claim under the Equal Pay Act, 29 U.S.C. § 206(d) (sex discrimination).

Second, plaintiff argues that the Magistrate Judge made "numerous error [sic] of facts," which plaintiff opines led the Magistrate Judge to erroneously conclude that her claims are barred by res judicata (Dkt 10 at 10-13). The Court again disagrees. The Magistrate Judge accurately stated that plaintiff's claims have been repeatedly adjudicated on the merits in this Court and in the Sixth Circuit Court of Appeals. That plaintiff somehow disagrees with or disregards these decisions does not reveal any factual or legal error in the Magistrate Judge's analysis. Rather, the nature of plaintiff's objections serves to reinforce the Magistrate Judge's conclusion that this matter is frivolous and malicious.

## II. Defendant's Motion

Defendant requests this Court issue an injunction preventing plaintiff from "filing any civil lawsuit alleging or asserting factual or legal claims that she has already litigated in this Court without first obtaining certification from a United States Magistrate Judge that the claim or claims asserted are not frivolous and that the suit is not brought for any improper purpose" (Dkt 12 at 11). Defendant asserts that from 1998 to the present, plaintiff has filed 17 lawsuits and appeals in the federal courts asserting claims relating to her employment with defendant from 1972 to 1989. Defendant opines that when a district court concludes that a particular litigant has abused the judicial process by filing a multitude of frivolous cases, and will continue to file such cases unless restrained, the court may enjoin that litigant from filing future claims (*id.*).

Federal courts have discretion in drafting orders to limit, but not absolutely foreclose, a litigious party's access to courts. *Ortman v. Thomas,* 99 F.3d 807, 811 (6th Cir. 1996). Federal courts have imposed a variety of sanctions to curb abusive litigation tactics, including imposing a permanent injunction prohibiting a party from proceeding *in forma pauperis* in any future action, imposing an injunction against filing suit against particular parties, requiring payment of sanctions, imposing bond before allowing plaintiff to bring any future lawsuits, and providing for review and approval of a proffered pleading by the chief judge before being allowed to proceed with filing. *See Rushing v. Kent County Facility,* No. 1:07-cv-580 *et al.,* 2007 WL 2249119, *4 (W.D. Mich. 2007) (cases collected therein).

After a careful review of the history of cases plaintiff has brought against her former employer, which defendant details in the factual background section of its combined response and motion, the Court is convinced that plaintiff is treading perilously close to having sanctions imposed

3

against her in her seemingly endless pursuit of money damages from her former employer. *See, e.g., Riccard v. Prudential Ins. Co.,* 307 F.3d 1277, 1294 (11th Cir. 2002) (given the plaintiff's "near obsession regarding his former employer, injunctive means [was] the only means that offer[ed] any chance of preventing further harassment").

Defendant opines that issuing its proposed injunction will have the effect of deterring plaintiff from filing frivolous and vexatious lawsuits, and that without this type of "filter" in place, plaintiff will continue to file additional frivolous suits against it (Dkt 18 at 2). However, as defendant recognizes (Dkt 12 at 11), the Court already has a filtering tool set forth in § 1915(e) for dismissing a frivolous or malicious complaint immediately after it has been filed, and prior to service of process. Therefore, the Court is not convinced that defendant's proposed injunction is the appropriate course of action here. Requiring court review of any proposed future filings by plaintiff will likely to continue to result in a waste of scarce judicial resources and may not prove to be any deterrent at all, as the case at bar exemplifies.

The Court determines that a financial consequence, while not denying her access to the courts, may instead cause plaintiff to stop and think before initiating another lawsuit. Should plaintiff file another frivolous or malicious pleading, plaintiff is hereby warned that the Court may impose sanctions against her, including imposition of a permanent injunction prohibiting her from proceeding *in forma pauperis* in this Court and/or requiring payment of the defendant's reasonable costs in defending the action. Plaintiff is cautioned that obtaining leave to proceed without prepayment of fees and costs is a privilege, not a right, and courts have discretion to revoke that privilege when it no longer serves its goals. *See Wilson v. Yaklich,* 148 F.3d 596, 603 (6th Cir. 1998); *Treff v. Galetka,* 74 F.3d 191, 197 (10th Cir. 1996).

To that end, plaintiff shall attach a copy of this Opinion and Order to every future filing. Her failure to do so will result in dismissal of the action. The Court has considered the array of available sanctions and takes this measured step toward extracting compliance from plaintiff.

### III. Conclusion

For the reasons stated, the motions are denied, and plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(*i*). A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because plaintiff is proceeding *in forma pauperis* in this action, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal by plaintiff of the Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

Accordingly:

**IT IS HEREBY ORDERED** that plaintiff's motion requesting leave to file a reply (Dkt 16) is DENIED.

**IT IS FURTHER ORDERED** that defendant's Motion to Enjoin Plaintiff from Filing Lawsuits without First Obtaining Prior Court Approval (Dkt 12) is DENIED.

**IT IS FURTHER ORDERED** that plaintiff's objections (Dkt 9) are DENIED, and the Report and Recommendation (Dkt 8) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Complaint (Dkt 1) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(*i*) for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that plaintiff shall attach a copy of this Opinion and Order to any future complaint filed in any court asserting any claim against the defendant in this lawsuit, its agents or employees. Plaintiff's failure to comply with this directive shall be grounds to dismiss with prejudice any complaint filed in this Court and may subject plaintiff to contempt proceedings.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Date:  June 10, 2010 	/s/ Janet T. Neff             
	JANET T. NEFF
	United States District Judge